OPINION
Defendant Lawrence R. Wesley appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which convicted and sentenced him for one count of aggravated robbery with a gun specification in violation of R.C. 2911.01, after appellant changed his not guilty plea to guilty. Appellant brings this delayed appeal, assigning two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. (1)
 THE TRIAL COURT HEREINBELOW ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA TO ONE (1) COUNT OF AGGRAVATED ROBBERY WITH A GUN SPECIFICATION (SECTION 2911.01 OF THE O.R.C.) BECAUSE HIS DEFENSE COUNSEL FAILED TO ADVISED HIM OF THE CONSEQUENCES OF A GUILTY PLEA IN RELATION TO PROBATION; THEREBY MAKING HIS GUILTY PLEA INVOLUNTARY AND NOT ENTERED INTELLIGENTLY AND KNOWINGLY.
ASSIGNMENT OF ERROR NO. (2)
 DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION GUARANTEED UNDER THE FOURTEENTH (14TH) AMENDMENT TO THE U.S. CONSTITUTION, WHEN HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
The record indicates appellant robbed a gas station in June, 1994. Originally, he was charged with aggravated robbery with two specifications, one being by use of a firearm, and the other being a prior crime of violence conviction. Pursuant to plea bargain arrangements, the State dismissed the prior crime of violence conviction specification. The court then accepted appellant's plea of guilty and sentenced appellant to five to twenty five years of imprisonment, plus three years incarceration on the gun specification to be served prior to the indeterminate sentence.
 I
Appellant argues he believed if he pled guilty he would be eligible for shock probation after appellant served the three years of actual incarceration for the gun specification. Appellant urges he only recently was informed that R.C. 2951.02
prohibits a court from putting him on probation. Appellant asserts he would not have pled guilty had he known he would not be eligible for probation after serving the three year mandatory sentence.
Crim. R. 11 (C) provides in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and;
 (A) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (B) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (C) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
Prior to accepting appellant's plea, the court reviewed the charge and the maximum penalty, and also discussed appellant's right to a trial by jury, the right of confrontation, the right of subpoena, the right to remain silent, and the burden of proof at trial. Appellant represented to the court that he understood all of his rights and had throughly discussed his case with counsel.
The State points out the record does not support appellant's contentions, and appellant has offered no affidavit or other evidence to demonstrate he was unaware he was ineligible for probation after serving his sentence on the gun specification. Neither does appellant point to any evidence he had ever been informed by the court, the State, or defense counsel that he could have been eligible for shock probation. As the State points out, appellant has demonstrated no prejudice, and in fact, his counsel secured a plea bargain which was actually advantageous to the appellant.
We find appellant has failed to demonstrate on the record he was prejudiced by the proceedings. Accordingly, the first assignment of error is overruled.
 II
Next, appellant argues he was deprived of the effective assistance of counsel because defense counsel did not advise him he would be ineligible for probation after he had served the three-year mandatory prison sentence on the gun specification.
In Strickland v. Washington (1984), 466 U.S. 668, the Supreme Court fashioned a two-part test for courts to apply in evaluating claims of ineffective assistance of counsel. First, the accused must show that counsel's representation fell below an objective standard of reasonableness, and must also show that a counsel's defective representation resulted in actual prejudice to the accused. Ohio uses the Strickland test, see State v. Bradley
(1989), 42 Ohio St.3d 136.
Because we find I, supra, appellant was not prejudiced in the proceedings, we conclude appellant received the effective assistance of counsel.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.